# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PAULINA QUINTANILLA VALDIVIA,

Plaintiff,

-vs-                                          Case No. 6:06-cv-170-Orl-28UAM

SUPERIOR HOTELS, INC., UDAY
PARMER,

Defendants.

---

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 31)** |
| **FILED:** | **April 17, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **SUPPLEMENTAL MOTION TO APPROVE SETTLEMENT (Doc. No. 34)** |
| **FILED:** | **May 4, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff, Paulina Quintanilla Valdivia, and Defendants, Superior Hotels, Inc. D/b/a Clarion

Hotel Center and Uday Parmer ("Defendants") Kingswere Furniture, LLC, jointly move the Court to

approve their settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of fact whether Valdivia worked any overtime hours, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client. The Court finds the proposed settlement of payment to Valdivia of $225 for back wages and $225 for liquidated damages, and payment of $3,783.33 to Valdivia's counsel for costs and attorneys' fees in exchange for Valdivia's release of claims and dismissal of the action with prejudice to be fair and reasonable.

The Court notes that the settlement is a structured settlement, with the last payment being due in May 2008. Docket 31-2. The settlement agreement provides that in the event of default, Plaintiff is entitled to judgment upon affidavit to the Court, without notice, for the full amount of the claim, less payments made. *Id.* The settlement agreement further provides that the action will not be dismissed until the final payment is received, and that the Court will retain jurisdiction to enforce the settlement agreement or to enter judgment upon affidavit.

The parties' proposals are contrary to the Court's usual practices. The Court gave the parties the opportunity to modify their agreement, but they did not do so. Docket 32. The Court does not condone entry of judgment upon affidavit when there is no stipulated form of judgment and no notice to the opposing party. The Court also does not usually retain jurisdiction of a closed matter for the length of time requested by the parties.

-2-

The Court, therefore, **RECOMMENDS**, that:

1.      The Court find that the settlement is a fair and reasonable resolution of a *bona fide* dispute within the meaning of *Lynn's Food Stores*, and approve the settlement on that basis;

2.      The Court dismiss the case with prejudice;

3.      The Court decline to retain jurisdiction to enforce the settlement or to enter judgment upon default and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 18 2007.

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon, II
Counsel of Record

-3-